FILED
2013 Jan-17 AM 11:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

FRANCIS SANI,                  }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    2:12-CV-02657-WMA
                               }
NPC INTERNATIONAL, INC. and    }
CRYSTAL BOYD,                  }
                               }
     Defendants.
```

**MEMORANDUM OPINION**

Before the court is a motion for partial judgment on the pleadings, and a supplement to said motion, filed by defendants NPC International, Inc. ("NPC"), doing business as Pizza Hut, and Crystal Boyd ("Boyd") (collectively "defendants"). (Docs. 22 and 26). The motions seek dismissal of four of the nine claims brought by plaintiff Francis Sani ("Sani") against NPC, his former employer, Boyd, his former manager, and Jared Lewis, his former co-worker against whom this action has been dismissed for want of prosecution. Defendants contend that these four claims should be dismissed because Sani has failed to state a claim upon which relief can be granted under the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). Defendants seek dismissal of Sani's claims of: (1) a race discrimination (hostile work environment) brought under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count I); (2) sexual harassment (hostile work environment) brought under Title VII (Count VII), (3) disability discrimination brought under the Americans with Disabilities Act ("ADA"), and (4) state law outrage (Count VI).

For the reasons below, defendants' motion for partial judgment on the pleadings will be granted in part and denied in part.

**RELEVANT BACKGROUND**[1]

In November 2010, Sani began working for NPC at its Pizza Hut location in Birmingham, Alabama. Sani alleges that, while working at Pizza Hut, he was the victim of discrimination. Specifically, Sani alleges that he was not allowed to "man the oven" or take orders to customers inside the store because of his "facial deformity" and because he is Indian (Asian). He alleges that his immediate supervisor, Boyd, would walk up to him, tell him "I got this" when he was manning the oven on in-store orders, but when he walked away she would ask another employee to take over the oven. Sani further alleges that Boyd and other employees, at Boyd's direction, would squeeze in between him and the cut table to prevent him from handing food to customers. The complaint includes allegations of employees making negative comments about his appearance and the adverse effect it had on the handing of orders

---

[1] Based on the procedural posture of the case, the court will accept the factual allegations the complaint as true and draw all reasonable inferences in Sani's favor.

to customers.  Although Sani complained, there was no investigation and no one was disciplined.  In November 2011, NPC hired two new drivers, Jared Lewis, a black male, and Jacob Ray, a white male.  Both of these new drivers were allowed to access the pizza oven and to hand orders to customers whereas Sani was not.

Sani's complaint also contains allegations of sexual harassment.  Sani contends that other employees would make sexual remarks about him within earshot.  After he complained to Boyd about what he perceived as harassment, he heard the offending employees loudly laughing about the admonishment, bragging, and telling others that they could not wait to tell other people about the apparently comical situation.  Sani alleges that he continued to hear other employees make sexual comments about him.  When Sani complained to Boyd again, he told her that he wanted to talk to the district manager.  Sani continued to ask Boyd for the district manager's phone number for eight weeks, but Boyd kept telling him that she had already given him the number.  Sani avers that Boyd never gave him the district manager's phone number.

## DISCUSSION

To state a claim for which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(c).  The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"

3

*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  This standard does not require a plaintiff to engage in "heightened fact pleading of specifics," but instead requires him to plead "enough facts to state a claim for relief that is *plausible* on its face."  *Id.* 550 at 570, 127 S. Ct. at 1974. (emphasis added).  Specifically, a complaint must contain sufficient factual matter to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  The allegations "must be enough to raise a right to relief above speculative level."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.  The mere recitation of labels and legal conclusions are insufficient to state a claim for relief.  *Id.*

As an initial matter, Sani fails specifically to identify the actor against whom he asserts his separate claims of race, sex, and disability discrimination.  Because neither Title VII nor the ADA provides for supervisor or non-employer liability, and because there is no indication otherwise, the court dismisses these claims as against Boyd.  *See Busby v. City of Orlando*, 931 F.2d 764, 722 (11th Cir. 1991) (Title VII); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).

### I.   Hostile Work Environment - Racial and Sexual Harassment

To establish a claim for race or sex discrimination based on

a hostile work environment under Title VII,[2] Sani must plead sufficient factual content to allow the court to draw reasonable inferences that (1) he was subjected to unwelcomed harassment; (2) the harassment was based on his race or sex; (3) the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment so as to create a discriminatorily abusive work environment; and (4) that the employer is responsible for the said environment. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

**Racial Harassment**

Defendants contend that Sani has not alleged sufficient facts to support his claim for racial harassment. Specifically, defendants argue that under the facts as pled, it is not plausible that the alleged racial harassment was sufficiently severe or pervasive to constitute a hostile environment. In his complaint, Sani describes a work environment in which his manager elaborately worked to preclude him from serving customers, either herself or by instructing other employees to do so, and that these actions were based on his Indian (Asian) race. Sani provides several specific facts describing how Boyd and other employees would abruptly

---

[2] Title VII and § 1981 race discrimination claims are analyzed using the same analytical framework. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Therefore, the court will explicitly address Sani's Title VII claim with the understanding that the analysis applies to the § 1981 claim as well.

position themselves so as to prevent him from handing food to customers or touching food in the presence of customers. The complaint further alleges that this behavior was continuing in nature and occurred until his termination. In addition to these allegations, Sani alleges that during a conflict with another employee, heard by Boyd without comment, the other employee "kept telling [him] to 'go back to [his] own country.'"

Sani's allegations are far from conclusory. Sani has done more than to assert labels and conclusions for a formulaic recitation of elements. Instead, his complaint contains specific factual allegations that, when taken as true as they must, present a *plausible* claim for racial harassment.

### Sexual Harassment

Defendants also argue that the allegations in Sani's complaint do not permit the inference that any alleged sexual harassment was severe and pervasive. Sani alleges that his co-workers would make sexually-based remarks about him and that this behavior continued after he repeatedly complained to management. Sani's complaint details these comments, his multiple complaints to management, and his attempts to contact the district manager when the alleged harassment did not stop. Under these facts, it is *plausible* that the alleged harassment was sufficiently severe and pervasive to alter the conditions of Sani's employment and create an abusive work environment. *See e.g.*, *Portera v. Winn Dixie of Montgomery,*

6

*Inc.*, 996 F. Supp. 1418 (M.D. Ala. 1998). These facts are sufficient to put defendants on notice of the claim against them and present a *plausible* claim for sexual harassment.

## II. Disability Discrimination

To prevail on an ADA claim, Sani must show that (1) he is disabled; (2) he is a "qualified individual"; and (3) NPC discriminated against him because of his disability. *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255-56 (11th Cir. 2007). Sani's complaint includes sufficient facts on each of these elements to support a *reasonable inference* that he is entitled to relief under the ADA.

First, Sani has alleged that he is "disabled." An individual is deemed "disabled" for purposes of the ADA if he has a "(1) physical or mental impairment that substantially limits one or more of the major life activities of an individual; (2) a record of such impairment; *or* (3) [is] regarded as having such impairment." *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 911 (11th Cir. 1996) (citing 42 U.S.C. § 12102(2)) (emphasis added). Sani's alleged "facial deformity" is a physical cosmetic disfigurement that meets this requirement. *See* 29 C.F.R. § 1630.2. It is also apparent from Sani's complaint that this impairment, substantially limited one or more "major life activities," including communicating and working. *See* 42 U.S.C. § 12102(2)(A)-(B).

It can also be reasonably inferred from the complaint that

Sani is a "qualified individual," that is, he could perform the essential functions of his job with or without reasonable accommodation.  42 U.S.C. § 12111(8).  Sani's alleged disability did not prevent him from being able to "man the oven" or take orders to customers.  Finally, Sani's complaint includes the specific allegation the defendants discriminated against his because of his disability, as well as specific factual support.

### III. State Law Outrage

To maintain his outrage claim, Sani must plead facts making it plausible that (1) defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result from its conduct; (2) the conduct was "extreme and outrageous"; and (3) the actions of defendants caused emotional distress so "severe" that no reasonable person could be expected to endure it.  *Am. Road Serv. Co. v. Inmon*, 394, So. 2d 361, 365 (Ala. 1981).

Defendants argue that the offending conduct that Sani alleges is insufficient to support his outrage claim.  Specifically, defendants argue that the Alabama Supreme Court has only recognized a cause of action for outrage in three circumstances, not one of which is present in this case.  Namely, they contend that outrage has only been recognized for (1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce employment settlement; and (3) egregious sexual harassment or assault.  *Thomas*

*v. Williams*, 21 So. 2d 1234, 1240 (Ala. Civ. App. 2008) (citing *Whitt v. Hulsey*, 519 So. 2d 901 (Ala. 1987); *Nat'l Sec. Fire & Casulty Co. v. Bowen*, 447 So. 2d 133 (Ala. 1983); *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322 (Ala. 1989)).

While the tort of outrage is extremely limited in Alabama, Sani's allegations barely pass the threshold for a claim of outrage. The Alabama Supreme court has suggested that limited forms of sexual harassment do constitute outrage. At this point, the court is reluctant to deny Sani the opportunity seek discovery on his claim.

## CONCLUSION

For the reasons stated, defendants' motion for judgment on the pleadings will be denied except as to Boyd's motion with respect to the Title VII, § 1981, and ADA claims. Surviving a Rule 12(c) motion does not, of course, imply that plaintiff's action will survive a timely filed Rule 56 motion after discovery is complete.

DONE this 17th day of January, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE